IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DAVID KLEMP,

Plaintiff,

3:13-cv-01577-PK

v.

OPINION AND ORDER

COLUMBIA COLLECTION SERVICE, INC.,

Defendant.

---

PAPAK, Magistrate Judge:

Plaintiff David Klemp brings this action against Columbia Collection Service, Inc. ("Columbia"), a debt collector, arising out of Columbia's attempts to collect a debt that plaintiff allegedly owed. Now before the court is plaintiff's motion to compel (#17). For the reasons set forth below, the motion is granted.

## BACKGROUND

On September 6, 2013, plaintiff filed the complaint (#1), alleging that Columbia, a "debt

collector" within the meaning of the Fair Debt Collection Practices Act ("FDCPA"), attempted to collect a debt that was in excess of the balance, if any, due on his account. Plaintiff further alleges that, when plaintiff thereafter filed three small-claims actions against Columbia, Columbia responded by filing baseless counterclaims for $10,000 to $35,000, causing the cases to be transferred from small-claims court to the circuit court. In the instant suit, plaintiff asserts a FDCPA claim arising out of Columbia's unlawful debt-collection practices and a claim for wrongful initiation of civil proceedings arising out of Columbia's assertion of unfounded counterclaims in state court. Plaintiff also requests a declaration that Columbia attempted to collect a debt from plaintiff that was in excess of the balance, if any, due on his account. On October 11, 2013, Columbia filed an answer (#7), denying plaintiff's allegations and asserting affirmative defenses.

On December 27, 2013, plaintiff deposed Joseph Galvan, Columbia's Federal Rule of Civil Procedure 30(b)(6) representative. During the deposition, plaintiff asked Galvan how Columbia arrived at the amounts requested in its counterclaims filed in the small-claims actions. Galvan declined to answer, citing attorney-client privilege. Plaintiff also asked Galvan about a conversation Columbia's attorney, David Schumacher, had with a court clerk. Again, Galvan refused to answer on the basis of attorney-client privilege. On January 8, 2014, plaintiff filed the motion to compel, requesting that the court order Columbia to disclose the communications it relied on in filing its counterclaims against plaintiff in small-claims court or, alternatively, prohibit Columbia from later introducing those communications into evidence. On January 13, 2014, Columbia filed a resistance (#21). On January 16, 2014, the court heard oral argument on the motion. The matter is fully submitted and ready for decision.

## DISCUSSION

I shall first address Columbia's argument that I should deny the motion on the basis that plaintiff failed to confer as required by Federal Rule of Civil Procedure 37 and Local Rule 7-1. Then, I shall turn to consider the parties' arguments regarding the applicability of the attorney-client privilege.

### I. Conferral

Columbia urges the court to deny plaintiff's motion on the basis that plaintiff did not confer with Columbia prior to filing the motion. Plaintiff responds that he attempted to resolve this dispute on December 27, 2013, during the deposition and that he conferred with Columbia's counsel after he filed the motion "to potentially resolve or limit the issues before this Honorable Court." Plaintiff's Certificate of Compliance with LR 26-3(b), and Supplemental LR 7-1 Certification, #20, at 2.

Federal Rule of Civil Procedure 37(a)(1) provides that a motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Likewise, Local Rule 7-1(a) requires a moving party to certify that it made a good-faith effort to resolve a dispute before filing a motion. *See* LR 7-1(a).

In this case, plaintiff attempted to resolve this discovery dispute during the deposition. Plaintiff's motion to compel and later-filed certificate of compliance attest to this fact. *See* Motion to Compel, #17, at 1; Plaintiff's Certificate of Compliance with LR 26-3(b), and Supplemental LR 7-1 Certification, #20, at 2. While it may have been prudent for plaintiff to confer with Columbia again before filing the motion, I decline to deny the motion on this basis.

**II. Attorney-Client Privilege**

In the motion to compel, plaintiff argues that Columbia impliedly waived the attorney-client privilege by inserting the counterclaims into the small-claims actions based solely on conversations with counsel and asserting reliance on counsel as a defense. Moreover, plaintiff argues that Columbia improperly invoked the attorney-client privilege to protect communications between Mr. Schumacher and the court clerk. For the reasons set forth below, I agree.

**A. Applicable Law**

"Where there are federal question claims and pendent state law claims present, the federal law of privilege applies." *Agster v. Maricopa Cnty.*, 422 F.3d 836, 839 (9th Cir. 2005); *accord Pearson v. Miller*, 211 F.3d 57, 66 (3d Cir. 2000). "Federal common law recognizes a privilege for communications between client and attorney for the purpose of obtaining legal advice, provided such communications were intended to be confidential." *Gomez v. Vernon*, 255 F.3d 1118, 1131 (9th Cir. 2001). The Ninth Circuit Court of Appeals employs an eight-part test to determine whether information is covered by the attorney-client privilege:

> (1) Where legal advice of any kind is sought (2) from a professional legal advisor in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal advisor, (8) unless the protection be waived.

*United States v. Ruehle*, 583 F.3d 600, 607 (9th Cir. 2009) (citation omitted). The burden is on the party asserting the privilege to prove each element. *Id.* at 608.

The attorney-client privilege may be waived either explicitly—for example, by turning over privileged documents—or impliedly—for example, "by placing privileged matters in

controversy." *Gomez*, 255 F.3d at 1131. Under the test set forth in *Hearn v. Rhay*, 68 F.R.D. 574, 581 (E.D. Wash. 1975),

> an implied waiver of the attorney-client privilege occurs when (1) the party asserts the privilege as a result of some affirmative act, such as filing suit; (2) through this affirmative act, the asserting party puts the privileged information at issue; and (3) allowing the privilege would deny the opposing party access to information vital to its defense.

*Home Indem. Co. v. Lane Powell Moss & Miller*, 43 F.3d 1322, 1326 (9th Cir. 1995) (applying the *Hearn* test). Courts have recognized that, where a defendant asserts reliance on counsel as a defense, the defendant puts the privileged information at issue and, therefore, impliedly waives the privilege. *See Kaiser Found. Health Plan, Inc. v. Abbott Labs., Inc.*, 552 F.3d 1033, 1042-43 (9th Cir. 2009); *see also Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d 1186, 1196 (9th Cir. 2001) (finding that the district court did not err in precluding a defendant from invoking the advice-of-counsel defense where the defendant refused to answer questions regarding relevant communications with his counsel).

**B. Analysis**

Plaintiff requests that the court compel Columbia to disclose the communications it had with Mr. Schumacher regarding the filing of its counterclaims against plaintiff in small-claims court. Plaintiff does not suggest that the communications are not privileged but, rather, argues that Columbia waived the privilege "by asserting reliance on the communications as a defense to [plaintiff's] wrongful use of civil proceedings claim." Plaintiff's Memo. in Support of Motion to Compel, #18, at 12. Plaintiff argues that Columbia may not use the privilege as both "a shield and a sword" and, accordingly, plaintiff requests that the court compel Columbia to disclose the

communications. *Id.* Alternatively, plaintiff requests that the court prohibit Columbia from later introducing the communications into evidence. Plaintiff also requests that the court compel Columbia to disclose the substance of the communications between Mr. Schumacher and the court clerk. Plaintiff contends that the attorney-client privilege does not apply to an attorney's communications with a third-party.

In response, Columbia argues that there is no basis for finding that it waived the attorney-client privilege. Columbia notes that it did not plead advice-of-counsel as an affirmative defense and that it offered an explanation for the amount of its counterclaims independent of any advice of its counsel—that is, that Columbia's prior experience in defending against lawsuits led it to conclude that $10,000 to $35,000 was a reasonable estimate of the costs and attorney fees it would incur in defending against each of plaintiff's small-claims actions. Moreover, Columbia argues that plaintiff is free to ask Mr. Schumacher about his communications with the court clerk but that Mr. Schumacher's communications with Columbia regarding Mr. Schumacher's communications with the court clerk are privileged.

Applying the *Hearn* test, I find that Columbia waived its attorney-client privilege with respect to its communications with Mr. Schumacher about the amount of its counterclaims. Under the first prong of the *Hearn* test, Columbia is asserting its privilege as a result of the affirmative act of filing counterclaims in the underlying small-claims cases. Second, Columbia has placed the privileged communications at issue. The record reflects numerous instances in which plaintiff's counsel asked Galvan, Columbia's Rule 30(b)(6) representative, what evidence Columbia relied on in filing its counterclaims. Galvan primarily responded that he relied on privileged communications with Columbia's attorney, Mr. Schumacher. On approximately seven

occasions, Galvan also stated that he relied, in part, on his prior experience with these types of lawsuits in determining that $10,000 to $35,000 was a reasonable estimate of Columbia's anticipated damages. However, upon further questioning, Galvan was unable to identify any prior lawsuit where Columbia had incurred $10,000 to $35,000 in defending against a bad-faith claim. Given Galvan's inability to identify any basis for the counterclaims other than communications with Columbia's attorney, I find that Columbia has placed the otherwise privileged communications at issue and, therefore, the second prong of the *Hearn* test is satisfied. Finally, under the third prong of the *Hearn* test, the substance of the communications Columbia had with Mr. Schumacher is vital to plaintiff's case. Absent disclosure of the privileged communications, plaintiff has no means of determining why Columbia asserted counterclaims for $10,000 to $35,000, which is highly relevant to plaintiff's second claim. In light of the foregoing, I find that Columbia impliedly waived its attorney-client privilege and, therefore, must disclose the substance of the communications it had with Mr. Schumacher concerning the amount of the counterclaims filed in small-claims court.

Moreover, I find that Mr. Schumacher's communications with Columbia regarding his communications with the court clerk are not privileged.[1] The information that Mr. Schumacher received from the court clerk is public information—the same information that Columbia would have received had Columbia, rather than Mr. Schumacher, contacted the court clerk. Such a communication is not protected by the attorney-client privilege. *See United States v. Bauer*, 132 F.3d 504, 508 (9th Cir. 1997) ("[T]he contents of a message that otherwise amounts to public

---

[1] If those communications are privileged, I would nonetheless find waiver as set out above.

information is not protected by the attorney-client privilege."). Accordingly, I find that Columbia must disclose the substance of the communications that it had with Mr. Schumacher regarding the information he received from the court clerk.

## CONCLUSION

For the reasons set forth above, plaintiff's motion to compel (#17) is granted. At oral argument, Columbia indicated that it intended to appeal this decision to the district-court judge. If the district-court judge affirms my decision, I will consider plaintiff's request for fees under Federal Rule of Civil Procedure 37(a)(5) after the matter is returned to me.

At oral argument, plaintiff indicated that he would be satisfied if Columbia stipulated that it would not rely on its communications with counsel at trial. If the parties reach an agreement as to this matter, they may request that I withdraw this opinion and order.

Dated this 17th day of January, 2014.

Paul Papak

Honorable Paul Papak
United States Magistrate Judge