IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DAVID KLEMP,

                  Plaintiff,

v.

COLUMBIA COLLECTION SERVICE,
INC.,

                  Defendant.

3:13-cv-01577-PK

FINDINGS AND
RECOMMENDATION

PAPAK, Magistrate Judge:

       Plaintiff David Klemp brings this action against Columbia Collection Service, Inc.

("Columbia"), a debt collector, arising out of Columbia's attempts to collect a debt that plaintiff

allegedly owed. Now before the court are Columbia's motion for summary judgment (#32),

plaintiff's motion for partial summary judgment (#50), and Columbia's supplemental motion for

summary judgment (#53). For the reasons set forth below, Columbia's motion for summary

judgment and supplemental motion for summary judgment should be granted in part and denied

Page 1 - FINDINGS AND RECOMMENDATION

in part and plaintiff's motion for partial summary judgment should be granted in part and denied in part.

FACTUAL BACKGROUND[1]

I.    **Debt-Collection Attempts**

On January 21, 2012, plaintiff received emergency medical services at Providence Newberg Hospital.  Declaration of Mary Gossett ("Gossett Decl."), #35, ¶ 3.  At the time of his admission, plaintiff's wife, Elizabeth Klemp, signed a document titled "Conditions of Service." Ex. A, Gossett Decl., #35-1, at 1-2.  The Conditions of Service provides, in relevant part: "I agree to pay for services or goods provided by Providence.  The balance is due 30 days from the first date of billing." *Id.* at 1.  On February 10, 2012, plaintiff received from Providence an "explanation of charges" incurred during his January 21, 2012 emergency-room visit, listing a total balance of $3,984.80.  Ex. B, Gossett Decl., #35-2, at 1.  The February 10, 2012 explanation of charges states, "This is not a bill." *Id.*  On March 29, 2012, Providence sent plaintiff a bill related to a January 19, 2012 emergency-room visit, with a corresponding account number ending in 0130 (the "0130 account"), and the January 21, 2012 emergency-room visit, with a corresponding account number ending in 2183 (the "2183 account").  Ex. C, Gossett Decl., #35-3, at 1.  With regard to the 2183 account, the bill reflects a total due of $1,135.67.  *Id.* Providence records show that plaintiff made payments on the 2183 account on April 10, 2012, May 30, 2012, and June 13, 2012, leaving a total unpaid balance of $562.91.  *Id.* at 6.

On August 7, 2012, plaintiff initiated an online payment of $210.00.  Ex. 200,

---

[1]  As set forth below, on cross-motions for summary judgment, the court must consider each motion separately and, for each motion, view the facts in the light most favorable to the nonmoving party.  The following facts are undisputed.

Declaration of Michael Fuller ("Fuller Decl."), #51-13, at 1. Although the billing statements for

the 2183 account that plaintiff had previously received instructed him to make checks payable to

"Providence Health & Services" and to mail payments to "P.O. Box 3299" in Portland, Oregon,

*see* Ex. C, Gossett Decl., #35-3, at 1-4, plaintiff instructed his bank to make the check payable to

"Providence Newberg Medical" and to mail the check to P.O. Box 4567 in Portland, Oregon. Ex.

200, Fuller Decl., #51-13, at 1. The check issued by the bank included an "explanation of

payment," indicating that the payment was for services provided on January 19, 2012, and an

account number ending in 2183. *Id.* Although the check was cashed on August 17, 2012, *see id.*

at 3, Providence did not credit a payment of $210.00 to plaintiff's 2183 account, *see* Gossett

Decl., #35, ¶¶ 11-12.

On September 5, 2012, Providence assigned the 2183 account to Columbia for collection

purposes. *Id.* ¶ 8; Declaration of Joseph Galvan ("Galvan Decl."), #34, ¶ 4. Columbia sent its

first demand letter to plaintiff on September 6, 2012. Galvan Decl, #34, ¶ 5. The demand letter

provides, in relevant part, "Please be advised that your account has been assigned to Columbia

Collection Service, Inc. . . . Direct all future correspondence and payments concerning this

account to Columbia Collection Service, at the address and telephone numbers listed above." Ex.

AA, Galvan Decl., #34-1, at 1. The letter shows a principal balance of $562.91 and $31.79 in

accrued interest, for a total balance due of $594.70. *Id.* Plaintiff responded to Columbia's

demand letter on September 27, 2012, stating that he already paid the bill in full to Providence

and that he disputed "the validity of the debt and interest." Ex. BB, Galvan Decl., #34-2, at 1.

On September 28, 2012, the day after he mailed his dispute letter to Columbia, plaintiff

initiated a payment of $352.91 to Providence. Ex. BBB, Declaration of Jeffrey I. Hasson

Page 3 - FINDINGS AND RECOMMENDATION

("Hasson Decl."), #36-2, at 1. Like his August 2012 payment, plaintiff instructed his bank to make the check payable to Providence Newberg Medical and to send the check to P.O. Box 4567. *Id.* Providence credited plaintiff's 2183 account with the $352.91 payment on October 8, 2012. Gossett Decl., #35, ¶ 9.

Meanwhile, on October 11, 2012, Columbia, not yet aware of the $352.91 payment, requested verification of the 2183 account from Providence. Galvan Decl., #34, ¶ 9. On October 24, 2012, Providence notified Columbia of the $352.91 payment and also provided Columbia with an itemized statement showing a remaining principal balance of $210.00. *Id.* ¶ 10; Gossett Decl., #35, ¶¶ 10-11.

On October 30, 2012, Columbia sent a second demand letter to plaintiff and attached the itemized statement from Providence showing a remaining principal balance of $210.00. Ex. CC, Galvan Decl., #34-3, at 1-3. The October 30, 2012 letter also shows accrued interest in the amount of $38.44, for a total balance due of $248.75.[2] *Id.* at 1. Plaintiff responded to Columbia's second demand letter on November 3, 2012. Ex. DD, Galvan Decl., #34-4, at 1. In the letter, plaintiff states that he already paid the bill and that he disputes "the validity of the debt and interest." *Id.* Plaintiff specifically notes: "A payment has been omitted from the [itemized statement]. On 8/07/2012 a payment of $210.00 was made to Providence, with a check number of [redacted]4893 and referencing account [redacted]2183." *Id.* Columbia received plaintiff's response on November 7, 2012. Galvan Decl., #34, ¶ 13. On November 13, 2012, Columbia requested another itemized statement for the 2183 account from Providence. *Id.* ¶ 14. That same

---

[2] Although the attached itemized statement reflects a remaining $210.00 principal balance, the October 30, 2012 letter lists the principal balance as $562.91. Ex. CC, Galvan Decl., #34-3, at 1. The letter, however, shows the total balance due as $248.75. *Id.*

date, Columbia reported the 2183 account to the credit reporting agencies. *Id.* ¶ 15.  On

December 18, 2012, Columbia reported the 2183 account as disputed to the credit reporting

agencies and has continually reported the account as disputed since that date. *Id.* ¶ 17.

## II.    Small-Claims Actions

### A.    Small Claims I

On February 1, 2013, plaintiff filed a small-claims case ("Small Claims I") against

Columbia in the small-claims court for the County of Yamhill.  Ex. CCC, Hasson Decl., #36-3,

at 1.  In the small-claims notice, plaintiff alleged that Columbia had violated the Fair Debt

Collection Practices Act ("FDCPA") and the Fair Credit Reporting Act ("FCRA") and sought

$2,000.00 in damages.  *Id.*  On February 14, 2013, Columbia filed its response, indicating that it

denied the claim, was requesting a jury trial, and was asserting a counterclaim "not to exceed

$35,000."  Ex. DDD, Hasson Decl., #36-4, at 1.  In explanation of its counterclaim, Columbia

stated: "Columbia may be entitled to attorney fees per 15 U.S.C. [§] 1692k(a)(3)."  *Id.*  The

response was signed by Joseph Galvan, Columbia's Director of Legal Affairs/Compliance.  *Id.*;

*see also* Galvan Decl., #34, ¶ 1.  On May 9, 2013, the state court dismissed Small Claims I on the

ground that Columbia requested a jury trial and plaintiff failed to file a formal complaint as

required by Oregon Revised Statute ("ORS") Section 46.465(3)(a).  Ex. EEE, Hasson Decl., #36-

5, at 2.

### B.    Small Claims II

On February 22, 2013, while Small Claims I was still pending, plaintiff filed a second

small-claims action ("Small Claims II") against Columbia in the small-claims court for the

County of Yamhill.  Ex. FFF, Hasson Decl., #36-6, at 1.  In the small-claims notice, plaintiff

alleged that Columbia had violated the FCRA and sought $750.00 in damages. *Id.* On July 5, 2013, Columbia responded to Small Claims II.[3] Ex. GGG, Hasson Decl., #36-7, at 1.[4] In its response, Columbia did not deny plaintiff's claim but, rather, merely asserted a counterclaim for "over $10,000, not to exceed $35,000." *Id.* Once again, Galvan, Columbia's Director of Legal Affairs/Compliance, signed the response on behalf of Columbia. *Id.*

Shortly after Columbia filed its response, it filed a motion to transfer the case from small-claims court to the circuit court. Ex. III, Hasson Decl., #36-9, at 1. The circuit court granted the motion on July 12, 2013. *Id.* In late July 2013, plaintiff's counsel, Tim Eblen, contacted Columbia's counsel to advise him that plaintiff intended to move to dismiss Columbia's counterclaim unless Columbia agreed to voluntarily dismiss it. Declaration of Tim Eblen ("Eblen Decl."), #51-15, ¶ 3. On or about August 1, 2013, Columbia moved to voluntarily dismiss the counterclaim. Ex. 204, Fuller Decl., #51-17, at 2-3. The circuit court granted the motion on August 20, 2013. Ex. III, Hasson Decl., #36-9, at 1. There has been no final judgment on plaintiff's FCRA claim entered in the circuit court. *See id.*

### C.    Small Claims III

On February 22, 2013, the same date he filed Small Claims II and while Small Claims I

---

[3] Though not relevant to the instant case, I note that the small-claims court entered a default judgment against Columbia on April 12, 2013. Ex. HHH, Hasson Decl., #36-8, at 1. The small-claims court subsequently granted Columbia's motion to set aside the judgment. *Id.*

[4] Although Hasson declares that Exhibit GGG is Columbia's response to Small Claims II, *see* Hasson Decl., #36, ¶ 8, the caption of the response lists the case number as 13SC00763, which corresponds to Small Claims III, *see* Ex. GGG, Hasson Decl., #36-7, at 1. It does not appear that either party filed Columbia's response to Small Claims II as an exhibit in this case. Nevertheless, Columbia contends, and plaintiff does not dispute, that Columbia's response to Small Claims II was identical to its response to Small Claims III.

was still pending, plaintiff filed a third small-claims action ("Small Claims III") against

Columbia in the small-claims court for the County of Yamhill. Ex. JJJ, Hasson Decl., #36-10, at

1. In Small Claims III, plaintiff alleged that Columba had violated the FDCPA and sought

$750.00 in damages. *Id.* On July 5, 2013, Columbia responded to Small Claims III.[5] Ex. KKK,

Hasson Decl., #36-11, at 1. In its response, Columbia did not deny plaintiff's claim but, rather,

merely asserted a counterclaim for "over $10,000, not to exceed $35,000." *Id.* Once again,

Galvan, Columbia's Director of Legal Affairs/Compliance, signed the response on behalf of

Columbia. *Id.*

Shortly after Columbia filed its response, it filed a motion to transfer the case from small-

claims court to the circuit court. Ex. MMM, Hasson Decl., #36-13, at 1. The circuit court

granted the motion on July 15, 2013. *Id.* In late July 2013, plaintiff's counsel, Eblen, contacted

Columbia's counsel to advise him that plaintiff intended to move to dismiss Columbia's

counterclaim unless Columbia agreed to voluntarily dismiss it. Eblen Decl., #51-15, ¶ 3. On or

about August 1, 2013, Columbia moved to voluntarily dismiss the counterclaim. Ex. 204, Fuller

Decl., #51-17, at 7-8. The circuit court granted the motion on August 20, 2013. Ex. MMM,

Hasson Decl., #36-13, at 1. On September 4, 2013, the parties filed a stipulated dismissal of

Small Claims III. Ex. NNN, Hasson Decl., #36-14, at 1.

## PROCEDURAL BACKGROUND

On September 6, 2013, plaintiff filed the instant action, alleging that Columbia violated

the FDCPA and committed the common-law tort of wrongful use of civil proceedings ("WUCP")

---

[5] Though not relevant to the instant case, I note that the small-claims court entered a
default judgment against Columbia on April 12, 2013. Ex. LLL, Hasson Decl., #36-12, at 1. The
small-claims court subsequently granted Columbia's motion to set aside the judgment. *Id.*

when it filed "baseless" counterclaims for $10,000 to $35,000 in plaintiff's small-claims actions. On October 11, 2013, Columbia filed its answer, denying plaintiff's claims and asserting various affirmative defenses, including that any FDCPA violation was the result of a bona fide error. *See* Answer to Complaint, #7, at 7.

Thereafter, Columbia filed a motion for summary judgment. *See* Motion for Summary Judgment, #32. While Columbia's motion was pending, plaintiff filed a motion for leave to file an amended complaint, which the court granted on April 28, 2014. *See* Minutes of Proceedings, #47. The court advised Columbia that it need not file a new motion for summary judgment but, rather, could file a supplemental motion that addressed the new allegations in plaintiff's amended complaint. *Id.* On April 30, 2014, plaintiff filed his amended complaint, adding allegations that Columbia violated 15 U.S.C. § 1692f and that Columbia miscalculated the interest due on plaintiff's alleged debt. *See* Amended Complaint, #48. Shortly thereafter, plaintiff filed a motion for partial summary judgment. *See* Motion for Partial Summary Judgment, #50. On May 21, 2014, pursuant to the court's instructions, Columbia filed its supplemental motion for summary judgment. *See* Supplemental Motion for Summary Judgment, #53. On July 14, 2014, the court heard oral argument on the pending motions. *See* Minutes of Proceedings, #62. The motions are fully submitted and ready for decision.

## LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party taking the position that a material fact either "cannot be or is genuinely disputed" must support that position either by citation to specific evidence of record, "including

Page 8 - FINDINGS AND RECOMMENDATION

depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials"; by showing that the evidence of record does not establish either the presence or absence of such a dispute; or by showing that an opposing party is unable to produce sufficient admissible evidence to establish the presence or absence of such a dispute. Fed. R. Civ. P. 56(c). The substantive law governing a claim or defense determines whether a fact is material. *See Moreland v. Las Vegas Metro. Police Dep't*, 159 F.3d 365, 369 (9th Cir. 1998).

Summary judgment is not proper if material factual issues exist for trial. *See, e.g., Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995). In evaluating a motion for summary judgment, the district courts of the United States must draw all reasonable inferences in favor of the nonmoving party, and may neither make credibility determinations nor perform any weighing of the evidence. *See, e.g., Lytle v. Household Mfg., Inc.*, 494 U.S. 545, 554-55 (1990); *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

On cross-motions for summary judgment, the court must consider each motion separately to determine whether either party has met its burden with the facts construed in the light most favorable to the other. *See* Fed. R. Civ. P. 56; *see also, e.g., Fair Hous. Council v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001). A court may not grant summary judgment where the court finds unresolved issues of material fact, even where the parties allege the absence of any material disputed facts. *See Fair Hous. Council*, 249 F.3d at 1136.

/ / /

/ / /

Page 9 - FINDINGS AND RECOMMENDATION

# DISCUSSION

## I.    Columbia's Motions for Summary Judgment

Columbia moves for summary judgment on plaintiff's FDCPA claim, his WUCP claim, and his request for declaratory relief. Alternatively, Columbia moves "for a determination of material facts not in substantial controversy, and for an order specifying those facts." Columbia's Motion for Summary Judgment, #32, at 2. Before addressing Columbia's request for summary judgment, I begin by considering plaintiff's evidentiary objection.

### A.    Evidentiary Objection

In his resistance, plaintiff objects to Columbia's use of the declaration of Mary Gossett, the custodian of Providence records, in support of its motion for summary judgment. Plaintiff objects to the declaration on the basis that Columbia did not disclose Gossett's name as a witness until after her declaration was filed on March 28, 2014. Although plaintiff attempted to depose Gossett, Providence objected to the subpoena and Gossett refused to attend the deposition. Plaintiff therefore contends that the court should not permit Columbia to use Gossett's declaration under Federal Rule of Civil Procedure 37(c). In response, Columbia first argues that Rule 37(c) is inapplicable because Columbia did not fail to disclose Gossett's name. Moreover, Columbia notes that plaintiff has had sufficient time to depose Gossett, he could have filed a motion to compel Gossett to appear for a deposition, and, in any case, he does not contest any of the information Gossett provides in her declaration.

Under Federal Rule of Civil Procedure 26(a), a party must disclose the name "of each individual likely to have discoverable information . . . that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a). Rule 26(e) imposes a continuing duty on a

Page 10 - FINDINGS AND RECOMMENDATION

party to supplement "in a timely manner" the party's Rule 26(a) disclosures.  Fed. R. Civ. P.

26(e).  Rule 37(c) "gives teeth," *Torres v. City of L.A.*, 548 F.3d 1197, 1212 (9th Cir. 2008)

(citation omitted), to these requirements by providing that, "[i]f a party fails to . . . identify a

witness as required by Rule 26(a) or (e), the party is not allowed to use that . . . witness to supply

evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is

harmless," Fed. R. Civ. P. 37(c).  The burden is on the party facing the sanction to prove that the

failure to identify the witness was substantially justified or harmless.  *Torres*, 548 F.3d at 1213.

In this case, plaintiff has not established that Columbia failed to comply with Rule 26.

Although Columbia did not disclose Gossett's name until it filed its motion for summary

judgment, the disclosure was still prior to the discovery deadline.  *See* Minute Order, #31 (setting

a discovery deadline of April 7, 2014).  Plaintiff has not suggested that this supplement to

Columbia's Rule 26(a) disclosures was untimely under Rule 26(e).  Moreover, even if the

disclosure were late, I find that Columbia has carried its burden of proving harmlessness.

Plaintiff acknowledges that he had an opportunity to depose Gossett.  Although Providence

objected to the subpoena and Gossett refused to attend the deposition, plaintiff could have filed a

motion with this court to compel Gossett's attendance.  Further, I note that, in his resistance,

plaintiff relies on exhibits attached to Gossett's declaration, particularly a copy of the March 29,

2012 bill, which appears to be the only copy in the record.

In light of the foregoing, I find no basis for imposing a sanction under Rule 37(c) and I

overrule plaintiff's objection as to the use of Gossett's declaration.

## B.    FDCPA Violations

Columbia first moves for summary judgment on plaintiff's FDCPA claim.  "The FDCPA

prohibits debt collectors from engaging in various abusive and unfair practices. The statute was enacted to eliminate abusive debt collection practices; to ensure that debt collectors who abstain from such practices are not competitively disadvantaged; and to promote consistent state action to protect consumers." *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 947-48 (9th Cir. 2011) (citing *Heintz v. Jenkins*, 514 U.S. 291, 292-93 (1995), *and* 15 U.S.C. § 1692(e)).

At issue in this case are two provisions of the FDCPA: 15 U.S.C. §§ 1692e and 1692f. Under 15 U.S.C. § 1692e, a debt collector is prohibited from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt," including falsely representing "the character, amount, or legal status of any debt." 15 U.S.C. § 1692e. Under 15 U.S.C. § 1692f, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt," such as collecting "any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f. In determining whether conduct violates 15 U.S.C. §§ 1692e and 1692f, the courts use an objective standard "that takes into account whether the least sophisticated debtor would likely be misled by a communication." *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1027 (9th Cir. 2012) (quoting *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1030 (9th Cir. 2010)) (internal quotation marks omitted).

Most of the provisions of the FDCPA, including 15 U.S.C. §§ 1692e and 1692f, impose strict liability, such that a debt collector is liable even if the violation was "not knowing or intentional." *Reichert v. Nat'l Credit Sys., Inc.*, 531 F.3d 1002, 1005 (9th Cir. 2008); *see also*

*Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1061 (9th Cir. 2011) ("The FDCPA does not

ordinarily require proof of intentional violation, and is a strict liability statute."). There is a

"narrow exception" to this strict-liability rule, however, if the debt collector proves that the

violation was the result of a "bona fide error." *Reichert*, 531 F.3d at 1005 (quoting *Clark v.*

*Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1177 (9th Cir. 2006)) (internal quotation

mark omitted). Specifically, 15 U.S.C. § 1692k(c) provides:

> A debt collector may not be held liable in any action brought under
> [the FDCPA] if the debt collector shows by a preponderance of
> evidence that the violation was not intentional and resulted from a
> bona fide error notwithstanding the maintenance of procedures
> reasonably adapted to avoid any such error.

15 U.S.C. § 1692k(c). Because it is an affirmative defense, the debt collector bears the burden of

proving that a violation was the result of a bona fide error. *McCollough*, 637 F.3d at 948

(quoting *Reichert*, 531 F.3d at 1006). Specifically, the debt collector must establish: "(1) it

violated the FDCPA unintentionally; (2) the violation resulted from a bona fide error; and (3) it

maintained procedures reasonably adapted to avoid the violation." *Id.*

    In this case, Columbia contends that summary judgment is appropriate on plaintiff's

FDCPA claim because Columbia did not violate 15 U.S.C. §§ 1692e or 1692f, and, even if it did,

any violation was the result of a bona fide error.

## 1.    15 U.S.C. § 1692e

    Plaintiff alleges that Columbia violated 15 U.S.C. § 1692e by falsely representing the

amount due in its September 6, 2012 and October 30, 2012 demand letters.[6]

---

   [6] Plaintiff also alleges that Columbia violated 15 U.S.C. § 1692e(8) when it
communicated credit information it knew was false, or should have known was false, to the
credit reporting agencies in January 2013. *See* 15 U.S.C. § 1692e(8) (prohibiting a debt collector

### a.    September 6, 2012 Letter

Plaintiff identifies two false representations in the September 6, 2012 letter.  First, plaintiff contends that Columbia misrepresented the principal balance due.  Second, plaintiff contends that Columbia misrepresented the amount of interest due.

### i.    Principal

In the September 6, 2012 letter, Columbia states that plaintiff owes $562.91 in principal. *See* Ex. AA, Galvan Decl., #34-1, at 1.  In its motion for summary judgment, Columbia contends that it did not misrepresent the principal balance due because it demanded the amount Providence reported as due.  In response, plaintiff contends that the listed principal balance is incorrect because it fails to take into account his August 7, 2012 payment of $210.00.  Plaintiff argues that, because the FDCPA is a strict-liability statute, the court need only compare the amount he actually owed to the amount Columbia stated that he owed in determining whether Columbia violated 15 U.S.C. § 1692e.  Furthermore, plaintiff argues that Columbia is not shielded from

---

from "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed").  In his motion for partial summary judgment, however, plaintiff states that he only intends to prove such violation if the court denies his request for summary judgment on the issue of Columbia's liability under the strict-liability provisions of 15 U.S.C. §§ 1692e and 1692f. *See* Plaintiff's Memo. in Support of Motion for Partial Summary Judgment, #50, at 18 n.3.  As set forth below, I find that Columbia is liable under the strict-liability provisions.  Accordingly, because plaintiff does not intend to prove a violation of 15 U.S.C. § 1692e(8), I find it is unnecessary to address Columbia's arguments with regard to such provision.  I note, however, that the district court may consider whether Columbia violated 15 U.S.C. § 1692e(8) in determining the appropriate amount of statutory damages to award plaintiff. *See* 15 U.S.C. § 1692k(b)(1) (setting forth factors for the court to consider in deciding the amount of damages to award, including the frequency and nature of the debt collector's noncompliance); *see also Clark*, 460 F.3d at 1178 ("[W]e conclude that the fact that numerous violations of the FDCPA are predicated upon one set of circumstances should be considered and that it is best considered during the calculation of damages." (emphasis omitted)).

liability under the bona fide error defense because it "took no meaningful action to investigate or verify" the $210.00 payment, even after plaintiff's November 3, 2012 letter alerted Columbia to the payment and after plaintiff filed a dispute form with one of the credit reporting agencies in August 2013. Plaintiff's Resistance to Columbia's Motion for Summary Judgment, #58, at 12.

Contrary to plaintiff's suggestion, there is an issue of fact with regard to the amount of principal owed. Although plaintiff argues that he instructed Providence to apply the August 7, 2012 payment to the 2183 account (the account that was ultimately turned over to Columbia), review of the "explanation of payment" attached to the check reveals that plaintiff gave conflicting instructions as to how to apply the payment. Specifically, while plaintiff included the account number relating to his January 21, 2012 emergency-room visit (the 2183 account), he also stated that the payment was in reference to services provided on January 19, 2012 (the 0130 account). There is no information in the record as to whether Providence credited the 0130 account with the $210.00 payment.

Even if this factual issue were resolved in favor of plaintiff, I find that Columbia is not liable under the bona fide error defense. Columbia has established that it reasonably relies on Providence to report the correct balance owed. Specifically, Columbia notes that, under its contract with Providence, Providence is required to "use reasonable diligence so that each account assigned [to Columbia] is a valid enforceable account against the debtor." Second Declaration of Joseph Galvan, #54, ¶ 6 (internal quotation mark omitted); *see also* Gossett Decl., #35, ¶ 22 ("When Providence assigns a balance due to Columbia, Providence warrants that the account is due at the time it is assigned by contract with Columbia. Providence does not knowingly assign accounts to Columbia that have been paid prior to assignment."). Plaintiff's

Page 15 - FINDINGS AND RECOMMENDATION

suggestion that Columbia failed to investigate the $210.00 payment is unpersuasive.  Although plaintiff did alert Columbia that he made a $210.00 payment, he did not do so until well after the September 6, 2012 letter.

Thus, Columbia has shown that, in the September 6, 2012 letter, it demanded $562.91 in principal, this was the amount Providence reported as owed, Providence had a duty to report accurate information under its contract with Columbia, and Columbia sent the demand letter shortly after Providence reported the amount owed.  Under these circumstances, I find that Columbia has carried its burden of proving that the violation, if any, was unintentional, the result of a bona fide error, and it maintains procedures reasonably adapted to avoid the type of violation at issue.  *See Turner v. J.V.D.B. & Assocs., Inc.*, 330 F.3d 991, 996 (7th Cir. 2003) (suggesting one possible means of establishing reasonable reliance on a creditor's report is "an agreement with [the creditor] that debts are current"); *see also Clark*, 460 F.3d at 1177 ("[I]f a debt collector reasonably relies on the debt reported by the creditor, the debt collector will not be liable for any errors.").

In light of the foregoing, Columbia is not liable for any FDCPA violation arising out of Columbia's representation that plaintiff owed $562.91 in the September 6, 2012 demand letter.

### ii.    Interest

Next, Columbia contends that it did not misrepresent that plaintiff owed $31.79 in accrued interest in the September 6, 2012 letter.  *See* Ex. AA, Galvan Decl., #34-1, at 1. Specifically, Columbia argues that the collection of interest is allowed by ORS Section 82.010, which provides that the rate of interest is 9% and that interest begins to accrue after money is due or, in the case of open accounts, "from the date of the last item."  Columbia's Supplemental

Page 16 - FINDINGS AND RECOMMENDATION

Motion for Summary Judgment, #53, at 7 (quoting ORS § 82.010(a)). Columbia contends that plaintiff's account with Providence was an "open account," and, thus, interest began to accrue on January 21, 2012—the date of the service. Columbia therefore maintains that its demand for $31.79 in interest was allowed by law. Columbia alternatively argues that, even if the 2183 account were not an open account, any error was immaterial because calculating interest from the date that the money was due "would result in a larger balance than Columbia demanded from [p]laintiff." *Id.* at 8. Specifically, Columbia contends that the first date of billing was February 10, 2012, and, assuming the account was not an open account, interest began to accrue on March 12, 2012. Using this date, Columbia contends that, when it sent its first demand letter on September 6, 2012, plaintiff owed $35.33 in interest, rather than the $31.79 that Columbia demanded in the letter. In response, plaintiff argues that his account with Providence was not an "open account," as that phrase is used in ORS Section 82.010. Rather, plaintiff argues that interest did not begin to accrue until after the money was due, which was after he received his first bill on March 29, 2012.

As each of the parties recognize, the court must first determine whether plaintiff's account with Providence was an "open account," as that phrase is used in ORS Section 82.010. "'An open account is one in which some item of the contract is not settled by the parties, whether the account consist of one item or many; or where there have been running or current dealings between the parties, and the account is kept open, with the expectation of further dealings.'" *Investors Ins. Corp. v. Dietz*, 264 Or. 164, 169 n.1, 504 P.2d 742, 744 n.1 (Or. 1972) (quoting *Purvis v. Kroner*, 18 Or. 414, 416, 23 P. 260, 261 (Or. 1890)). Here, I find no basis from which to conclude that plaintiff's account with Providence was an "open account." As plaintiff notes in

Page 17 - FINDINGS AND RECOMMENDATION

his resistance, Providence assigned plaintiff a different account number for each visit to the

hospital. *See* Plaintiff's Resistance to Columbia's Motion for Summary Judgment, #58, at 5; *see*

*also* Ex. C, Gossett Decl., #35-3, at 1. Indeed, it would make little sense to treat the type of

account at issue here as an "open account" for purposes of ORS Section 82.010. As of January

21, 2012, the date of the service, it was unclear how much plaintiff owed Providence because his

insurance company had not yet been billed. Thus, I find as a matter of law that plaintiff's account

with Providence was not an open account and, therefore, under ORS Section 82.010, interest did

not begin to accrue until after the money was due.

The question remains as to when payment on the account was due and, by extension,

when interest began to accrue. Plaintiff received an "explanation of charges" on February 10,

2012, which listed a total balance of $3,984.80. *See* Ex. B, Gossett Decl., #35-2, at 1. The

"explanation of charges" specifically states that it is not a bill and indicates that plaintiff's

insurance company has been billed. *Id.* It was not until March 29, 2012, that plaintiff received a

bill for his medical services, which reflected his insurance company's payment and provided the

total balance he was responsible for paying. *See* Ex. C, Gossett Decl., #35-3, at 1. The March

29, 2012 bill states that payment is due "within 20 days," or April 18, 2012. *Id.* Thus, under

ORS Section 82.010, interest began to accrue at a rate of 9% beginning April 19, 2012.[7]

---

[7] Plaintiff contends that interest did not begin to accrue until thirty days after the first
date of billing, as provided for in the Conditions of Service that Klemp's wife signed at the time
of his admission. *See* Ex. A, Gossett Decl., #35-1, at 1-2 ("I agree to pay for services or goods
provided by Providence. The balance is due 30 days from the first date of billing."). Columbia
argues that "[t]here is an issue as to whether the terms of the conditions of admission apply to
[p]laintiff at all as [p]laintiff did not sign the conditions of admission, and there is no admission
[or] ratification of the conditions of admission by [p]laintiff." Columbia's Supplemental Motion
for Summary Judgment, #53, at 8. I need not decide whether the Conditions of Service are
applicable. As discussed below, even using the earlier due date of April 19, 2012, Columbia

In light of the foregoing, I find that Columbia misrepresented the total interest accrued, and, thus, the total balance due, in the September 6, 2012 letter. Moreover, I find that such error is material. In the letter, Columbia demands interest only on the unpaid balance of $562.91.[8] Columbia contends that it could have demanded that plaintiff pay interest on the total amount he owed Providence as of the date of the first bill, rather than the smaller balance remaining when Providence assigned the account to Columbia. Columbia claims that, had it done so, plaintiff would have owed more than the $31.79 Columbia demanded. Assuming without deciding that Columbia could demand interest on the total amount plaintiff owed Providence, rather than the smaller amount that was ultimately assigned to Columbia, plaintiff still would have owed less than the amount Columbia demanded in the September 6, 2012 letter.[9]

---

demanded interest in excess of the amount plaintiff owed.

[8] To calculate interest, Columbia multiplied the amount due by the number of years over which interest accrued by the statutory interest rate of 9%. There are 229 days between January 21, 2012, and September 6, 2012. Thus, Columbia calculated the accrued interest as $31.79: $562.91 x (229/365) x 9%.

[9] On March 29, 2012, plaintiff owed $1,135.67 to Providence. Plaintiff made a payment of $148.70 on April 10, 2012. Thus, at the time that interest began accruing on April 19, 2012, plaintiff owed $986.97. Plaintiff made an additional payment of $250.00 on May 30, 2012, and another payment of $174.06 on June 13, 2012. Using the formula set forth in the preceding footnote, the total amount of interest accrued as of September 6, 2012 would be $24.07:

| Dates | Number of Days Divided by 365 | Principal Owed | Interest Rate | Interest Due |
|---|---|---|---|---|
| 4/19/2012 to 5/29/2012 | 41/365 = .11 | $986.97 | 9% | $9.77 |
| 5/30/2012 to 6/12/2012 | 14/365 = .04 | $736.97 | 9% | $2.65 |
| 6/13/2012 to 9/5/2012 | 85/365 = .23 | $562.91 | 9% | $11.65 |
| TOTAL | | | | $24.07 |

Furthermore, although Columbia argues that it is not liable under the bona fide error defense, Columbia presents no evidence establishing that its misrepresentation was the result of a bona fide error. Significantly, Columbia does not suggest that Providence reported to Columbia that plaintiff's account was an "open account."

Thus, in light of the foregoing, Columbia is not entitled to summary judgment on plaintiff's claim under 15 U.S.C. § 1692e, insofar as such claim relates to Columbia's misrepresentation as to the amount of interest owed in the September 6, 2012 letter.

### b.    October 30, 2012 Letter

In its October 30, 2012 demand letter, Columbia represents that plaintiff owes $210.00 in principal and $38.44 in accrued interest. *See* Ex. CC, Galvan Decl., #34-3, at 1, 3. Plaintiff alleges that Columbia falsely represented the principal balance due in its October 30, 2012 demand letter because it did not credit plaintiff's account with the August 7, 2012 payment of $210.00 and Columbia misrepresented the amount of interest due because it improperly calculated interest as accruing from the date of the service.

First, for the reasons set forth above in connection with the September 6, 2012 letter, I find that any error with regard to the amount of principal plaintiff owed was a bona fide error. After Columbia received plaintiff's September 27, 2012 letter disputing the debt, Columbia ceased collection efforts pending validation of the debt from Providence. On October 24, 2012, Providence provided Columbia with an itemized statement showing a remaining principal balance of $210.00. As found above, Columbia reasonably relied on Providence's report of the amount of the debt. Plaintiff's suggestion that Columbia did not meaningfully investigate

---

plaintiff's August 7, 2012 payment of $210.00 is without merit.  Plaintiff did not alert Columbia

to the $210.00 payment until November 3, 2012—after Columbia mailed the October 30, 2012

demand letter.  Thus, because the bona fide error defense applies, Columbia is not liable for any

FDCPA violation arising out of Columbia's misrepresentation of the amount of principal due.

Second, for the reasons set forth above in connection with the September 6, 2012 letter, I

find that Columbia misrepresented the total interest accrued, and, thus, the total balance due, in

the October 30, 2012 letter.  Although Columbia maintains that any error with regard to the

calculation of interest is immaterial, I disagree.  Even if Columbia could demand interest on the

total balance plaintiff owed Providence as of the date of the first billing, Columbia's October 30,

2012 letter still demanded interest in excess of what plaintiff owed.[10]  Moreover, as I found

above, Columbia has failed to establish that its misrepresentation was the result of a bona fide

error.  Accordingly, Columbia is not entitled to summary judgment on plaintiff's claim under 15

---

[10]  As I previously found, plaintiff owed $24.07 in interest on September 6, 2012.  Using
the formula set forth above and taking into account plaintiff's payment of $352.91 on October 8,
2012, plaintiff would have owed $29.76 in interest on October 30, 2012:

| Dates | Number of Days Divided By 365 | Principal | Interest Rate | Interest Due |
|---|---|---|---|---|
| 4/19/2012 to 5/29/2012 | 41/365 = .11 | $986.97 | 9% | $9.77 |
| 5/30/2012 to 6/12/2012 | 14/365 = .04 | $736.97 | 9% | $2.65 |
| 6/13/2012 to 9/5/2012 | 85/365 = .23 | $562.91 | 9% | $11.65 |
| 9/6/2012 to 10/7/2012 | 32/365 = .09 | $562.91 | 9% | $4.56 |
| 10/8/2012 to 10/29/2012 | 22/365 = .06 | $210.00 | 9% | $1.13 |
| **TOTAL** | | | | **$29.76** |

U.S.C. § 1692e, insofar as such claim relates to Columbia's misrepresentation as to the amount of interest owed in the October 30, 2012 letter.

### 2. 15 U.S.C. § 1692f

Next, Columbia moves for summary judgment on plaintiff's claim under 15 U.S.C. § 1692f. Columbia first contends that it is entitled to summary judgment because the claim is untimely. Alternatively, Columbia contends that there is no evidence to support plaintiff's claim that Columbia attempted to collect a debt in excess of the balance due.

### a. Statute of Limitations

First, Columbia argues that plaintiff's 15 U.S.C. § 1692f claim is untimely. Columbia notes that the FDCPA has a one-year statute of limitations. Columbia contends that the alleged violation occurred on September 6, 2012, and, thus, the statute of limitations ran on September 6, 2013. Because plaintiff did not file his amended complaint—which included for the first time an alleged violation of 15 U.S.C. § 1692f—until April 30, 2014, Columbia argues that the claim is untimely. Furthermore, Columbia contends that plaintiff's 15 U.S.C. § 1692f claim does not "relate back" to any of the claims in his original complaint. In response, plaintiff first argues that the alleged violation of 15 U.S.C. § 1692f is not a "new claim" but, rather, an alternative theory of liability. That is, plaintiff argues that he is asserting one FDCPA claim and has set forth multiple theories as to how Columbia violated the FDCPA. Moreover, plaintiff contends that, even if the alleged violation of 15 U.S.C. § 1692f constitutes a new claim, it relates back to the date of the original complaint because it concerns the same conduct or transaction as set forth in the original complaint.

Under the relation-back doctrine in Federal Rule of Civil Procedure 15(c), an

"amendment to a pleading relates back to the date of the original pleading" if "the amendment asserts a claim or defense that arose out of the conduct, transaction or occurrence set out . . . in the original pleading." Fed. R. Civ. P. 15(c). In this case, even assuming that the alleged violation of 15 U.S.C. § 1692f constitutes a new claim for statute-of-limitations purposes, I find that it relates back to plaintiff's original complaint. In his original complaint, plaintiff alleged that Columbia attempted to collect a balance in excess of what was owed and specifically referenced Columbia's September 6, 2012 and October 30, 2012 demand letters. *See* Complaint, #1, ¶¶ 15, 17, 19. Although plaintiff alleges for the first time in his amended complaint that Columbia attempted to collect interest in excess of what was owed, this new allegation arises out of the same collection attempts referenced in the original complaint. Thus, because the allegations in the original complaint and the newly alleged violation of 15 U.S.C. § 1692f "are tied to a common core of operative facts, relation back [is] in order." *Mayle v. Felix*, 545 U.S. 644, 664 (2005).

### b.    Attempt to Collect Balance in Excess of Amount Due

Plaintiff alleges that Columbia violated 15 U.S.C. § 1692f when it attempted to collect principal and interest in excess of what plaintiff owed pursuant to his agreement with Providence and the applicable Oregon law governing interest. For the reasons discussed above in connection with plaintiff's claim under 15 U.S.C. § 1692e, I find that Columbia is not liable for any FDCPA violation arising out of its attempt to collect the principal balance that Providence reported as owing. However, as found above, Columbia improperly calculated interest as accruing from the date of service. Thus, I find that Columbia is not entitled to summary judgment on plaintiff's claim under 15 U.S.C. § 1692f, insofar as such claim is based on Columbia's attempt to collect

Page 23 - FINDINGS AND RECOMMENDATION

interest in excess of the amount permitted under Oregon law.

### C.    WUCP Claim

Next, Columbia moves for summary judgment on plaintiff's WUCP claim.  To establish a

WUCP claim, a plaintiff must demonstrate the following:

(1)    The commencement and prosecution by the defendant of a judicial proceeding against the plaintiff;

(2)    The termination of the proceeding in plaintiff's favor;

(3)    The absence of probable cause to prosecute the action;

(4)    The existence of malice, or as is sometimes stated, the existence of a primary purpose other than that of securing an adjudication of the claim; and

(5)    Damages.

*Tarlow v. Landye Bennett Blumstein LLP*, 209 Or. App. 171, 173 n.2, 147 P.3d 355, 356 n.2 (Or.

Ct. App. 2006) (quoting *Alvarez v. Retail Credit Ass'n*, 234 Or. 255, 259-60, 381 P.2d 499, 501

(Or. 1963)) (internal quotation marks omitted).  Here, plaintiff alleges that Columbia wrongfully

initiated a civil proceeding when it filed baseless counterclaims in Small Claims II and Small

Claims III, causing the actions to be transferred from small-claims court to the circuit court.[11]

### 1.    Small Claims II

In its motion for summary judgment, Columbia contends that it is entitled to summary

judgment on plaintiff's WUCP claim arising out of Columbia's counterclaim in Small Claims II

because plaintiff has failed to satisfy the first four elements of the claim.

---

[11]  It does not appear that plaintiff is alleging a WUCP claim based on Columbia's filing of a counterclaim in Small Claims I.  This is presumably because Small Claims I was not terminated in plaintiff's favor, as the small-claims court dismissed the action on the ground that plaintiff failed to file a formal complaint after Columbia requested a jury trial.

a.      **Commencement of Proceedings**

To prove a case of WUCP, a plaintiff must first show the "commencement and prosecution by the defendant of a judicial proceeding against the plaintiff." *Tarlow*, 209 Or. App. at 173 n.2, 147 P.3d at 356 n.2 (quoting *Alvarez*, 234 Or. at 259, 381 P.2d at 501) (internal quotation mark omitted). Columbia contends that plaintiff has not satisfied this initiation element because Columbia did not "commence" an action against plaintiff; rather, Columbia maintains that Small Claims II was commenced when plaintiff filed his small-claims notice on February 22, 2013. Columbia further notes that, under the Oregon statutes governing small-claims actions, a small-claims case is "commenced" only by the filing of a verified claim. Columbia argues that it did not file a verified claim and, therefore, could not have commenced an action against plaintiff. In response, plaintiff argues that, because WUCP is a common-law tort, the statutory definitions applicable to small-claims cases are inapplicable. Relying on *Liberty Natural Products, Inc. v. Hoffman*, No. 03:11-cv-00264-HU, 2012 WL 1203979, at *6 (D. Or. Apr. 11, 2012), plaintiff argues that, for purposes of a WUCP claim, a person "commences" a judicial proceeding by filing a counterclaim.

As plaintiff notes, United States Magistrate Judge Dennis Hubel examined this issue in *Liberty Natural Products*, explaining:

> The commencement and prosecution element pertains to the person "who is the primary catalyst for the proceeding and is not limited to the party who formally initiates it." *Checkley v. Boyd*, 170 Or. App. 721, 737 [(Or. Ct. App. 2002)]. Such an understanding "prevents one who wrongfully uses a civil proceeding . . . from being shielded from liability merely because that person was not the party who formally filed the action." *Id.* . . .
>
> . . . According to section 674 of the Restatement Second of Torts,

"one who files a counterclaim to a cause of action initiates a civil
proceeding." Restatement (Second) of Torts § 674 cmt. a (1977).
Because Oregon courts consider the Restatement, "along with its
comments, to be an instructive authority in this area," [*Roop v.
Parker Nw. Paving, Co.*, 194 Or. App. 219, 238 n.12 (Or. Ct. App.
2004)], I conclude that the initiation element is met. *See also*
ORCP 18 (indicating that asserting a claim for relief includes
asserting an original claim or counterclaim).

*Liberty Natural Products*, 2012 WL 1203979, at *6.

I am persuaded by Judge Hubel's analysis. While Columbia argues at great length that

*Liberty Natural Products* is inapplicable because it did not address a small-claims action, I agree

with plaintiff that the statutory definitions applicable to small-claims actions are not relevant in

determining what constitutes commencement of a judicial proceeding for purposes of a WUCP

claim. Accordingly, I find that plaintiff has satisfied the initiation element.

### b.    Termination of Proceedings

Under the second element of a WUCP claim, a plaintiff must establish that the underlying

judicial proceeding was terminated in his or her favor. *Tarlow*, 209 Or. App. at 173 n.2, 147

P.3d at 356 n.2 (quoting *Alvarez*, 234 Or. at 259, 381 P.2d at 501). A plaintiff may establish this

element by showing: "(1) the favorable adjudication of the claim by a competent tribunal, or (2)

the withdrawal of the proceedings by the person bringing them, or (3) the dismissal of the

proceedings because of [the defendant's] failure to prosecute them." *Portland Trailer & Equip.,

Inc. v. A-1 Freeman Moving & Storage, Inc.*, 182 Or. App. 347, 357, 49 P.3d 803, 809 (Or. Ct.

App. 2002) (citation omitted). A voluntary dismissal qualifies as a termination in the plaintiff's

favor only "if it reflects adversely on the merits of the underlying action." *Id.* at 356, 49 P.3d at

808. This is a fact-intensive inquiry that "requires an examination of the circumstances resulting

in the termination." *Id.*, 49 P.3d at 808.  Because it is a fact-intensive inquiry, it "often is not well-suited for resolution on a summary judgment record." *Id.* at 357, 49 P.3d at 809.

In its motion for summary judgment, Columbia argues that plaintiff cannot establish that Small Claims II was terminated in his favor because no final judgment was entered in Small Claims II at the time that plaintiff filed his complaint in the instant case.  Plaintiff responds by noting that Columbia voluntarily dismissed its counterclaim on or about August 1, 2013, and that Columbia did so "without any consideration and without prejudice to any claims that [plaintiff] had against it."  Plaintiff's Resistance to Columbia's Motion for Summary Judgment, #58, at 15.

Having concluded that the filing of a counterclaim constitutes the commencement of a judicial proceeding, it follows that the judicial proceeding is terminated by the dismissal of the counterclaim, regardless of whether there is a final judgment as to the plaintiff's claim in the underlying action.  The more complicated issue in this case is whether the voluntary dismissal "reflects adversely on the merits," *Portland Trailer & Equip., Inc.*, 182 Or. App. at 356, 49 P.3d at 808, of Columbia's counterclaim.  Plaintiff contends that Columbia dismissed its counterclaim because it lacked merit, as evidenced by the fact that plaintiff told Columbia he intended to move to dismiss the counterclaim and, shortly thereafter, Columbia agreed to voluntarily dismiss the counterclaim without any consideration.  A reasonable jury could agree.  Accordingly, Columbia's contention that plaintiff cannot satisfy the second WUCP element is without merit.

### c.    Probable Cause

Under the third element of a WUCP claim, a plaintiff must establish the "absence of probable cause to prosecute the action." *Tarlow*, 209 Or. App. at 173 n.2, 147 P.3d at 356 n.2 (quoting *Alvarez*, 234 Or. at 259, 381 P.2d at 501) (internal quotation mark omitted).

Page 27 - FINDINGS AND RECOMMENDATION

"'[P]robable cause' means that the person initiating the civil action reasonably believes that he or she has a good chance of establishing his [or her] claim to the court's satisfaction." *Perry v. Rein*, 187 Or. App. 572, 578, 71 P.3d 81, 84 (Or. Ct. App. 2003) (citing *Erlandson v. Pullen*, 45 Or. App. 467, 475, 608 P.2d 1169, 1174 (Or. Ct. App. 1980)). Thus, the probable-cause inquiry has two components—first, "[t]he person initiating the claim must believe that there is a good chance of establishing the claim in court" and, second, "that belief must be objectively reasonable." *Id.*, 71 P.3d at 84. If there is no dispute as to the facts, probable cause is a question of law. *Id.*, 71 P.3d at 84. If, however, "the facts germane to the determination of probable cause are in dispute, then the case must be decided by a factfinder before the legal determination of probable cause is made." *Id.*, 71 P.3d at 84 (citation omitted).

In this case, Columbia argues that plaintiff has failed to satisfy the third WUCP element. Specifically, Columbia argues that plaintiff cannot prove that Columbia lacked probable cause because Columbia did not specify the nature of its counterclaim in its response to plaintiff's small-claims notice. Columbia further contends that the amount of the counterclaim is not relevant to the issue of probable cause. Plaintiff responds that, although Columbia did not specify the basis of its counterclaim in the small-claims action, discovery in this case establishes that the "counterclaim was based on its . . . estimate of the damages it would incur in attorney fees in having to defend against [plaintiff's] claims." Plaintiff's Resistance to Columbia's Motion for Summary Judgment, #58, at 16. Plaintiff further argues that, at his deposition, Columbia's representative was unable to explain why Columbia believed it would be entitled to attorney fees, as such fees are awarded to a debt collector only when the plaintiff's FCRA claim was filed in bad faith or was unreasonable. Finally, plaintiff argues that Columbia was unable to articulate

any basis for the amount of its counterclaim.

Viewing the evidence in the light most favorable to plaintiff, I find that a reasonable jury could conclude that Columbia lacked probable cause for its counterclaim. Under 15 U.S.C. § 1681n, a prevailing party in a FCRA action is entitled to attorney fees only if the court concludes that "an unsuccessful pleading, motion, or other paper . . . was filed in bad faith or for purposes of harassment." 15 U.S.C. § 1681n(c). At his deposition, Columbia's representative, Joseph Galvan, stated that he believed plaintiff's small-claims actions were potentially brought in bad faith based on "the history of the account," the fact that Columbia had verified the balance due with Providence, and the fact that Columbia attempted to communicate with plaintiff "about what the correct balance was." Ex. 20, Fuller Decl., #51-2, at 144. Galvan did not indicate any other basis for believing that plaintiff's action was brought in bad faith. Indeed, in its response to plaintiff's small-claims notice, Columbia did not even deny plaintiff's claim. Based on these facts, a reasonable jury could conclude that Columbia did not actually or reasonably believe that plaintiff's action was brought in bad faith. Additionally, a reasonable jury could conclude that Columbia did not actually or reasonably believe that it was going to incur any attorney fees. During his deposition, Galvan testified that when Columbia appears in small-claims court, it is not ordinarily represented by an attorney. *Id.* at 178. Thus, viewing the evidence in the light most favorable to plaintiff, a reasonable jury could find that Columbia lacked probable cause to prosecute its counterclaim.

### d.    Malice

Under the fourth element of a WUCP claim, a plaintiff must establish "[t]he existence of malice, or as is sometimes stated, the existence of a primary purpose other than that of securing

an adjudication of the claim." *Tarlow*, 209 Or. App. at 173 n.2, 147 P.3d at 356 n.2 (quoting *Alvarez*, 234 Or. at 259-60, 381 P.2d at 501). Malice "is a factual question for the jury." *SPS of Or., Inc. v. GDH, LLC*, 258 Or. App. 210, 219, 309 P.3d 178, 184 (Or. Ct. App. 2013) (citing *Erlandson*, 45 Or. App. at 478, 608 P.2d at 1175). A jury may infer that a litigant who brought an action without probable cause acted with malice. *Id.*, 309 P.3d at 184.

In this case, Columbia contends that plaintiff cannot establish malice because Columbia had a right to respond to plaintiff's small-claims notice and had a right to request attorney fees. Columbia argues that it did not prevent the adjudication of plaintiff's claim by filing a counterclaim but, rather, merely moved plaintiff's claim from small-claims court to the circuit court. In response, plaintiff contends that Columbia has offered no "legitimate principle purpose behind its counterclaims." Plaintiff's Resistance to Columbia's Motion for Summary Judgment, #58, at 17.

Viewing the evidence in the light most favorable to plaintiff, a reasonable jury could conclude that Columbia acted with malice when it filed its counterclaim. In the memorandum in support of its motion for summary judgment, Columbia mistakenly focuses on whether its conduct prevented an adjudication of plaintiff's FCRA claim filed in small-claims court. The proper inquiry, however, is whether Columbia's primary purpose in filing its counterclaim was the adjudication of its counterclaim, or whether it merely filed the counterclaim to achieve some other purpose. Given the facts in this case, including the amount of the counterclaim, a reasonable jury could find that Columbia filed the counterclaim not because it intended to litigate its entitlement to attorney fees but, rather, for the purpose of transferring plaintiff's FCRA claim to the circuit court in the hopes that plaintiff would be unable to comply with the stricter rules

applicable in the circuit court.

### 2.  Small Claims III

Columbia's request for summary judgment on plaintiff's WUCP claim arising out of Columbia's counterclaim in Small Claims III fails for the same reasons as set forth above. First, Columbia commenced a judicial proceeding against plaintiff by filing the counterclaim in Small Claims III. Second, a reasonable jury could conclude that Columbia's voluntary dismissal of its counterclaim in Small Claims III was a termination of the proceeding favorable to plaintiff. Third, a reasonable jury could conclude that Columbia lacked probable cause to prosecute the counterclaim. Like the FCRA, the FDCPA provides that a debt collector is entitled to an award of attorney fees only if the plaintiff's action "was brought in bad faith and for the purpose of harassment." 15 U.S.C. § 1692k(a)(3). Based on the facts of this case, a reasonable jury could find that Columbia did not actually or reasonably believe that plaintiff brought Small Claims III in bad faith. Furthermore, as noted above, a reasonable jury could conclude that Columbia did not actually or reasonably believe that it would incur attorney fees in light of the fact that Columbia does not ordinarily use an attorney in small-claims court. Finally, a reasonable jury could find that Columbia acted with malice; that is, Columbia filed its counterclaim not for the purpose of adjudicating the counterclaim but, rather, for the purpose of transferring plaintiff's FDCPA claim to the circuit court.

Based on the foregoing, I find that Columbia is not entitled to summary judgment on plaintiff's WUCP claim, insofar as such claim relates to Columbia's filing of a counterclaim in Small Claims III.

/ / /

Page 31 - FINDINGS AND RECOMMENDATION

### D.    Request for Declaratory Relief

Finally, Columbia moves for summary judgment on plaintiff's request under 28 U.S.C.

§ 2201(a) for a declaration that Columbia "attempted to collect a debt from [plaintiff] that was in

excess of the balance, if any, due on his account." Amended Complaint, #48, ¶ 79. Relying on

*Jensen v. Quality Loan Service Corp.*, 702 F. Supp. 2d 1183 (E.D. Cal. 2010), Columbia

contends that it is entitled to summary judgment on plaintiff's request for declaratory relief

because the request is merely a "superfluous second cause of action"; that is, plaintiff is

requesting a "determination of identical issues subsumed with the FDCPA [c]laim." Columbia's

Memo. in Support of Motion for Summary Judgment, #33, at 21 (citation omitted) (internal

quotation mark omitted). Plaintiff does not respond to Columbia's argument in his resistance,

although in his motion for partial summary judgment he argues that a declaration will allow him

"to prospectively fix his credit reports with the" credit reporting agencies and asks the court to

reserve this issue until after a jury trial. Plaintiff's Memo. in Support of Motion for Partial

Summary Judgment, #50, at 40.

Columbia's reliance on *Jensen* is misplaced. *Jensen* addressed the availability of

declaratory relief under California law and held that, under California law, a request for

declaratory relief is not appropriate where it is merely a "superfluous second cause of action."

*Jensen*, 702 F. Supp. 2d at 1189 (citation omitted) (internal quotation mark omitted). In an

action brought under 28 U.S.C. § 2201, however, "[t]he existence of another adequate remedy

does not preclude a declaratory judgment that is otherwise appropriate." Fed. R. Civ. P. 57.

Thus, the relevant question here is not whether plaintiff's request for declaratory relief is

superfluous but, rather, whether a declaratory judgment is appropriate. Although neither party

raises the issue, several district courts and at least one circuit court of appeal have concluded that declaratory relief is not available to a private party under the FDCPA. *See Weiss v. Regal Collections*, 385 F.3d 337, 341-42 (3d Cir. 2004) (comparing 15 U.S.C. § 1692k, which sets forth the remedies available to private litigants, with 15 U.S.C. § 1692l, which sets forth the administrative enforcement mechanism, and concluding that, "[b]ecause the statute explicitly provides declaratory and equitable relief only through action by the Federal Trade Commission, we believe the different penalty structure demonstrates Congress's intent to preclude equitable relief in private actions"); *Varnardo v. Midland Funding LLC*, No. C-13-05705 DMR, 2014 WL 1994622, at *5 (N.D. Cal. May 15, 2014) (listing cases); *Sparkman v. Zwicker & Assocs., P.C.*, 374 F. Supp. 2d 293, 298 (E.D.N.Y. 2005) (listing cases and concluding that, "[a]lthough the Court of Appeals for the Second Circuit has not had occasion to address the issue," it would likely conclude that equitable relief is not available to private litigants under the FDCPA). I find these cases persuasive. Although I am aware of no Ninth Circuit case addressing this question, I find that the Ninth Circuit would likely join the majority of courts in concluding that equitable relief is not available to private litigants under the FDCPA. Accordingly, summary judgment on plaintiff's third claim for relief should be granted in favor of Columbia.

### E.    Summary

In light of the foregoing, I find that: (1) Columbia is not liable for any violation of 15 U.S.C. §§ 1692e or 1692f arising out of Columbia's attempt to collect the principal balance Providence reported to Columbia; (2) Columbia is not entitled to summary judgment on plaintiff's claims under 15 U.S.C. §§ 1692e and 1692f, insofar so those claims are based on Columbia's attempt to collect interest in excess of the amount owed; (3) Columbia is not entitled

to summary judgment on plaintiff's WUCP claim; and (4) because the FDCPA does not authorize

declaratory relief, summary judgment should be granted in Columbia's favor on plaintiff's third

claim for relief.

## II.     Plaintiff's Motion for Partial Summary Judgment

Plaintiff "moves for partial summary judgment as to liability on his [FDCPA] claim, and

as to the first three elements of his [WUCP] claim."  Plaintiff's Motion for Partial Summary

Judgment, #50, at 2.  Before turning to plaintiff's arguments in favor of summary judgment, I first

address Columbia's evidentiary objections.

### A.     Evidentiary Objections

In its resistance to plaintiff's motion for partial summary judgment, Columbia lodges a

number of objections to plaintiff's exhibits.  First, Columbia objects to plaintiff's inclusion of

Columbia's insurance policy with plaintiff's Exhibit 10, which is a copy of Columbia's initial

disclosures.  Columbia argues that the insurance policy is irrelevant, not admissible, and should

be sealed or stricken from the record.  In response, plaintiff argues that Exhibit 10 is relevant

because it shows that Columbia "failed to initially disclose[] . . . Gossett as a witness before

filing her declaration on March 28, 2014."  Plaintiff's Reply in Support of Motion for Partial

Summary Judgment, #59, at 2.  In deciding Columbia's motions for summary judgment and

plaintiff's motion for partial summary judgment, I did not consider the insurance policy attached

to Exhibit 10, as it is irrelevant to any issue raised in the motions.  Accordingly, Columbia's

objection is sustained.  I note that Exhibit 10 is already filed under seal.

Second, Columbia objects to plaintiff's inclusion of the entire transcript from Joseph

Galvan's deposition, filed as Exhibit 20.  Columbia maintains that the transcript contains

irrelevant evidence and hearsay statements "too numerous to name." Columbia's Resistance to Plaintiff's Motion for Partial Summary Judgment, #55, at 1. Columbia notes that it has no objection to the specific excerpts referred to in support of plaintiff's motion for partial summary judgment, but it asks that those portions of the transcript not referenced in plaintiff's brief be sealed or stricken. In response, plaintiff contends that "Exhibit 20 as a whole is relevant and otherwise admissible to provide context to the cited excerpts." Plaintiff's Reply in Support of Motion for Partial Summary Judgment, #59, at 2. In deciding the pending motions, I did not consider any hearsay statements or irrelevant statements in the deposition transcript. Thus, I sustain Columbia's objection but note that Exhibit 20 is already filed under seal.

Third, Columbia objects to plaintiff's Exhibit 173, which is an email chain regarding a loan application plaintiff submitted that was denied. *See* Ex. 173, Fuller Decl., #51-9, at 1. In the emails, plaintiff asks whether his application was denied due to plaintiff's credit rating. *See id.* Columbia contends that the emails are hearsay and irrelevant. Plaintiff does not respond to the objection. After reviewing the exhibit, I agree that it is irrelevant to any issue raised in the motions. Accordingly, I sustain Columbia's objection. I note that Exhibit 173 is already filed under seal.

Fourth, Columbia objects to Exhibit 201, which is a dispute request form that plaintiff filed with Experian in August 2013. Columbia argues that Exhibit 201 is irrelevant. In response, plaintiff argues that it is relevant to determining whether Columbia "failed to meaningfully investigate [plaintiff's] $210 payment" and relevant to the issue of whether Columbia knew of plaintiff's "January 2013 credit report dispute." Plaintiff's Reply in Support of Motion for Partial Summary Judgment, #59, at 2. In deciding the pending motions, I considered Exhibit 201 in

connection with plaintiff's FDCPA claims but found the exhibit irrelevant. I note that Exhibit 201 is already filed under seal.

Finally, Columbia objects to plaintiff's Exhibit 205, which is a letter from a psychologist, on the basis that the exhibit is inadmissible hearsay. Plaintiff does not respond to Columbia's objection. After reviewing the letter, I agree that it is hearsay and that it is entirely irrelevant to the issues raised in the pending motions. Accordingly, I sustain Columbia's objection, but I note that the exhibit is already filed under seal.

### B.    FDCPA Claim

Plaintiff first moves for summary judgment on the issue of whether Columbia is liable under the FDCPA. I previously determined that Columbia is not liable for any FDCPA violation arising out of Columbia's alleged misrepresentation of the principal balance owed. Thus, the only surviving issue is whether Columbia is liable for misrepresenting the amount of interest owed. As set forth above, Columbia improperly calculated interest as accruing from the date of service as opposed to the date the money was due. Columbia therefore violated 15 U.S.C. §§ 1692e and 1692f by attempting to collect interest in excess of the amount due. Furthermore, Columbia fails to establish that such violation was the result of a bona fide error. Because there is no factual issue for a jury to resolve, summary judgment should be granted in favor of plaintiff on the issue of Columbia's liability under the FDCPA.

### C.    WUCP Claim

Plaintiff also moves for summary judgment on the first three elements of his WUCP claim. That is, plaintiff contends that the court should find as a matter of law that: (1) Columbia commenced judicial proceedings against plaintiff by filing the counterclaims in Small Claims II

and Small Claims III; (2) the proceedings were terminated in favor of plaintiff when Columbia

voluntarily dismissed the counterclaims; and (3) Columbia lacked probable cause for the

counterclaims.

First, consistent with my analysis above, I find that there is no factual dispute with regard

to the initiation element of plaintiff's WUCP claim. Columbia does not deny that it filed the

counterclaims in Small Claims II and III. Although Columbia maintains that the filing of a

counterclaim in a small-claims action cannot satisfy the initiation element, I disagree, for the

reasons set forth in Judge Hubel's analysis in *Liberty Natural Products*. Accordingly, plaintiff

has satisfied the first element of a WUCP claim.

With regard to the termination and probable-cause elements, I find that, viewing the

evidence in the light most favorable to Columbia, there are genuine issues of material fact

precluding summary judgment. First, as set forth above, Columbia's voluntary dismissal of its

counterclaims satisfies the second element of plaintiff's WUCP claim only if the dismissal

reflects on the merits of the counterclaims. As the Oregon Court of Appeals has recognized, this

is a fact-intensive inquiry that is not often well-suited for summary judgment. *See Portland*

*Trailer & Equip., Inc.*, 182 Or. App. at 357, 49 P.3d at 809. Among other factors that may bear

on whether a voluntary dismissal reflects on the merits of the underlying action is whether the

party had some other legitimate reason for dismissing the action and whether the party had

probable cause to bring the action. *See Roop*, 194 Or. App. at 239, 94 P.3d at 897. Here,

Columbia's representative, Galvan, testified that Columbia believed plaintiff was bringing his

FCRA and FDCPA claims in bad faith and that, accordingly, Columbia was entitled to attorney

fees under the applicable federal statutes. It is the province of the jury to consider whether

Page 37 - FINDINGS AND RECOMMENDATION

Columbia's dismissal of its counterclaims reflected that Columbia, in fact, had no such belief or whether Columbia dismissed the counterclaims for some other reason.

Likewise, there are genuine issues of material fact precluding summary judgment on the issue of probable cause. In light of Galvan's deposition testimony, a reasonable jury could find that Columbia believed plaintiff brought his FCRA and FDCPA small-claims actions in bad faith and that such belief was objectively reasonable. Furthermore, a reasonable jury could find that Columbia reasonably believed that, despite its normal practice not to use attorneys in small-claims actions, it needed the aid of an attorney under the circumstances.

Thus, viewing the evidence in the light most favorable to Columbia, a reasonable jury could find that plaintiff has not satisfied the second and third elements of a WUCP claim. Accordingly, summary judgment on these elements is not appropriate.

### D.    Summary

Consistent with the foregoing, summary judgment should be granted in favor of plaintiff on the issue of whether Columbia is liable for violating 15 U.S.C. §§ 1692e and 1692f, insofar as those claims relate to Columbia's demand for interest in excess of what was owed. Summary judgment should not be granted on plaintiff's second claim for relief, alleging WUCP.

### CONCLUSION

Based on the foregoing, Columbia's motion for summary judgment (#32) and supplemental motion for summary judgment (#53) should be granted in part and denied in part. Likewise, plaintiff's motion for partial summary judgment (#50) should be granted in part and denied in part. Summary judgment should be granted in favor of plaintiff on the issue of Columbia's liability under the FDCPA and summary judgment should be granted in favor of

Page 38 - FINDINGS AND RECOMMENDATION

Columbia on plaintiff's third claim for relief, requesting a declaratory judgment.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

Dated this 21st day of July, 2014.

Honorable Paul Papak
United States Magistrate Judge